

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-90,084-01

### EX PARTE DANNY RICHARD LANE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1133791-A FROM THE 179TH DISTRICT COURT
### FROM HARRIS COUNTY

SLAUGHTER, J., delivered the opinion of the Court in which KELLER, P.J., HERVEY, RICHARDSON, KEEL, and MCCLURE, J.J., joined. RICHARDSON, J., filed a concurring opinion in which SLAUGHTER, J., joined. YEARY, J., filed a dissenting opinion. NEWELL and WALKER, J.J., dissented.

## O P I N I O N

This case arises from a conviction for the offense of failure to comply with sex-offender-registration requirements. *See* TEX. CODE CRIM. PROC. ANN. ART. 62.102(a). In his instant application for a post-conviction writ of habeas corpus, Applicant Danny Richard Lane challenges his 2007 conviction for that offense in five grounds: (1) actual innocence; (2) ineffective assistance of counsel; (3) involuntary plea; (4) due process violation; and (5) no evidence. Though Applicant has raised several grounds for relief, the

underlying basis for all of his claims is the same: He alleges that, unbeknownst to him at the time of his guilty plea, he was not actually required to register as a sex offender because, although he was convicted of aggravated rape in 1982, that conviction was later "set aside" by the convicting court upon his successful completion of probation through a "judicial clemency" order. *See* former TEX. CODE CRIM. PROC. ANN. ART. 42.12, § 7.[1] Applicant contends that this action by the trial court wiped away his conviction for all purposes, and therefore, he had no reportable conviction requiring registration under the applicable statutes in Code of Criminal Procedure Chapter 62. In support of his position, Applicant relies on a decision from the Sixth Court of Appeals, issued after his guilty plea in this case, interpreting the relevant statutes to mean that a similarly situated individual had no duty to register and thus could not be guilty of failing to register as a sex offender. *See Hall v. State*, 440 S.W.3d 690 (Tex. App.—Texarkana 2013, pet. ref'd).

The habeas court has recommended that this Court grant Applicant relief, either based on ineffective assistance of trial counsel resulting in an involuntary plea,[2] or under a theory of actual innocence / no evidence. We, however, disagree with the habeas court's recommendation. With respect to Applicant's ineffective-assistance / involuntary-plea claim, viewing the facts and law from counsel's perspective at the time of the

---

[1] *See* Act of 1965, 59th Leg., p. 317, ch. 722, § 1 (formerly codified as TEX. CODE CRIM. PROC. ANN. ART. 42.12, § 7, current version at ART. 42A.701(f)). The pertinent statutory language provided that, upon successful completion of probation and discharge by the trial court, the court "may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime . . . .").

[2] Although Applicant presented his ineffective-assistance and involuntary-plea claims in two grounds, those claims were in fact intertwined because the basis for Applicant's involuntary-plea claim was that he received incorrect advice from counsel about his duty to register. Therefore, our analysis of Applicant's ineffective-assistance claim also encompasses his involuntary-plea claim.

representation in 2007, we conclude that the law was unsettled as to whether Applicant had a duty to register as a sex offender following the trial court's grant of judicial clemency. Thus, trial counsel did not perform deficiently by failing to further investigate that issue when further investigation would not have yielded any clear answer under the law. Although Applicant has supported his claims by citing the subsequent decision of the court of appeals in *Hall*, we decline to hold trial counsel deficient based on legal developments that occurred after counsel's representation.

With respect to Applicant's remaining claims, we observe that they are all based on the underlying assumption that this Court will adopt the court of appeals' analysis in *Hall* and interpret the applicable statutes to mean that Applicant had no duty to register under these circumstances. However, this Court has never endorsed the reasoning in *Hall*, and we do not do so today. Instead, we conclude that the governing statutes in Code of Criminal Procedure Chapter 62 mean that Applicant's 1982 aggravated rape conviction obligated him to register as a sex offender, notwithstanding the trial court's order granting him judicial clemency under former Code of Criminal Procedure Article 42.12, Section 7. Because we disagree with Applicant's view of the applicable statutory provisions, his remaining claims are without any legally meritorious basis. Accordingly, we simultaneously file and set this case and deny relief on all grounds.

## I.     Background

In June 1982, a jury convicted Applicant of aggravated rape, and he received a sentence of ten years' imprisonment, probated.[3] He did not appeal. Five years later, in

---

[3] Shortly after Applicant's conviction, the Legislature restructured and expanded the sex-offense statutes. The offense of "aggravated rape" became "aggravated sexual assault." *Griffith v. State*, 116 S.W.3d 782,

March 1987, the trial court entered an order terminating Applicant's probation and setting aside the conviction under then-existing Texas Code of Criminal Procedure Article 42.12, Section 7. The statute contained a provision, sometimes referred to as "judicial clemency," which stated that the court, upon discharging the defendant from his probation, "may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty[.]".[4] But, the statute

---

787 (Tex. Crim. App. 2003) ("The Penal Code sections for sexual assault and aggravated sexual assault encompass the conduct previously included in the rape and aggravated rape statutes."). Therefore, Applicant's aggravated rape conviction is equivalent to aggravated sexual assault for purposes of his duty to register as a sex offender.

[4] At the time, the complete provision at issue read as follows:

> At any time, after the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is the lesser, the period of probation may be reduced or terminated by the court. Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere to an offense other than an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or an offense under Article 67011-1, Revised Statutes, and the court has discharged the defendant hereunder, *such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense.*

Act of 1965, 59th Leg., p. 317, ch. 722, § 1 (formerly codified as TEX. CODE CRIM. PROC. ANN. ART. 42.12, § 7, current version at ART. 42A.701(f)) (emphasis added). Notably, under the current statute, sexual assault convictions are explicitly exempted from eligibility for judicial clemency under this provision. *See* TEX. CODE CRIM. PROC. ANN. ART. 42A.701(g)(2) (providing that eligibility for early termination of community supervision and judicial clemency is inapplicable to a defendant convicted of "an offense the conviction of which requires registration as a sex offender under Chapter 62").

further provided that, in the event of a new conviction for any criminal offense, proof of the prior conviction that had been set aside "shall be made known to the court." *Id.*[5]

At the time of Applicant's aggravated rape conviction in 1982, there were no sex-offender-registration requirements. In 1991, the Legislature enacted the first sex-offender-registration program, and by 2005, the requirements were made retroactive so that anyone with a "reportable conviction" occurring on or after 1970 was required to register.[6] The pertinent statute in Code of Criminal Procedure Chapter 62 defined a "reportable conviction" as "a conviction or adjudication, including an adjudication of delinquent conduct or a deferred adjudication, that, regardless of the pendency of an appeal, is a conviction for or an adjudication for or based on" a number of sex offenses, including the modern-day equivalent of Applicant's aggravated rape conviction, aggravated sexual assault. *See* TEX. CODE CRIM. PROC. ANN. ART. 62.001(5). Pursuant to the provisions in Chapter 62, a conviction for aggravated sexual assault is subject to a lifetime registration requirement.[7]

---

[5] *See also Vaughn v. State*, 634 S.W.2d 310, 313 (Tex. Crim. App. [Panel Op.] 1982) (holding prior conviction that had been set aside under Article 42.12, § 7, was admissible at punishment phase).

[6] When the Legislature initially enacted sex-offender-registration requirements, those requirements applied only to a "reportable conviction or adjudication [of delinquent conduct] occurring on or after September 1, 1991." *See* Act of May 26, 1991, 72nd Leg., R.S., ch. 572 § 1, 8, 1991 Tex. Gen. Laws 2029-30. In 1997, the Legislature amended the law by making sex-offender registration required for all individuals with a "reportable conviction or adjudication" occurring on or after September 1, 1970. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668 § 11, 1997 Tex. Gen. Laws 2253, 2260–61, 2264. However, that legislation also included an uncodified "savings clause" that limited the retroactive application to individuals who were, as of September 1, 1997, incarcerated in a penal institution or under state supervision. *Id.* That savings clause was subsequently eliminated in 2005. *See* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385, 3388, 3410. Thus, as of 2005, anyone with a "reportable conviction" after 1970 was subject to sex-offender-registration requirements.

[7] TEX. CODE CRIM. PROC. ANN. ARTS. 62.001(5) (providing that conviction for a violation of Penal Code Section 22.021 is a reportable conviction); 62.101(a) (providing that the duty to register for this offense ends when the person dies).

In 1998, Applicant was added to the sex-offender registry for the first time upon his release from prison on a drug charge. The habeas record reflects that Applicant registered in April of that year in Pasadena, Texas. In April 2007, after Applicant was arrested for another offense, officers discovered that he was not living at the address where he had previously registered as a sex offender and had not completed his registration requirements in recent years. Upon being questioned about this, Applicant told the investigating officer that he thought he was no longer required to register based on statements made by an attorney who represented him in another case. The investigating officer disagreed and told Applicant that, pursuant to the provisions in Code of Criminal Procedure Chapter 62, he had a lifetime duty to register. Applicant signed a form acknowledging this requirement and stated that he would have registered had he known he was required to do so. The officer scheduled an appointment for Applicant to complete his registration. Applicant "gave his word" that he would attend the appointment. He further acknowledged his understanding that the department would pursue criminal charges against him if he missed it. Despite this, Applicant failed to appear for the appointment.

Months later, in September 2007, the investigating officer again met with Applicant to inquire about his registration. Applicant told the officer "that he had been busy working and did not want his friends to deal with listing their residence as the home of a sex offender." Applicant was then arrested and charged for third-degree-felony failure to register as a sex offender.[8] Because of Applicant's criminal history, he qualified as a habitual offender and faced a sentence of 25 years to life in prison.

---

[8] *See* TEX. CODE CRIM. PROC. ANN. ART. 62.102(a), (b)(2).

The trial court appointed Attorney J.A. "Joe" Salinas to represent Applicant. Salinas obtained a plea offer from the prosecutor for Applicant to serve ten years in prison despite his habitual-offender status. According to Applicant, Salinas informed him that the prosecutor was "hard on these types of cases" and would revoke the ten-year offer if Applicant did not accept it that day. Thus, on October 29, 2007, Applicant accepted the offer and pleaded guilty. Applicant did not appeal and, until filing the instant writ application, he has never previously sought any post-conviction habeas relief in this case. After serving eight years of the ten-year sentence, Applicant was paroled in August 2015.

While on parole, Applicant was again charged with failure to comply with sex-offender-registration requirements. In August 2017, he pleaded guilty to that offense and was sentenced to an additional five years' imprisonment, to run concurrently with the remainder of his prior sentence. But then, according to Applicant, in September 2017, two attorneys from the Texas Department of Criminal Justice Office of State Counsel for Offenders contacted him and informed him that the Department had determined he in fact had no duty to register as a sex offender and would be removed from the registry.[9] They informed him that this decision was made by the TDCJ Office of General Counsel and was based on the decision of the Sixth Court of Appeals in *Hall*, 440 S.W.3d 690.

In *Hall*, a case with nearly factually identical circumstances, the court of appeals held that an aggravated rape conviction that had been set aside through judicial clemency under former Article 42.12, Section 7, could not serve as the underlying offense for a failure-to-register charge. *Id.* at 692–94. To reach this conclusion, the court of appeals

---

[9] The habeas court's factual findings indicate that Applicant was in fact removed from the sex-offender registry on September 29, 2017.

relied on *Cuellar v. State*, in which this Court reached a similar holding in the distinct context of a charge for felon in possession of a firearm under Penal Code Section 46.04(a). *See* 70 S.W.3d 815, 819–20 (Tex. Crim. App. 2002) (holding that because Cuellar's underlying felony conviction was set aside pursuant to the judicial-clemency provision, he was "*not a convicted felon*" and thus "there was no predicate felony conviction to support a conviction under § 46.04(a)") (emphasis original). The court of appeals in *Hall* applied this reasoning to similarly conclude that Hall had no "underlying conviction which could serve as the predicate conviction activating the sex-offender registration requirement." *Hall*, 440 S.W.3d at 694. Thus, because it believed Hall had no duty to register as a sex offender following the grant of judicial clemency, the court of appeals held the evidence was insufficient to support his failure-to-register conviction as a matter of law. *Id.*

## II.    Habeas Proceedings

In September 2018, Applicant filed this writ application challenging his 2007 failure-to-register conviction[10] in five grounds: (1) actual innocence; (2) ineffective assistance of counsel; (3) involuntary plea; (4) violation of due process; and (5) no evidence.[11] The habeas court initially entered Findings of Fact and Conclusions of Law in which it agreed with Applicant that he had no duty to register under these circumstances and recommended relief based on Applicant's claims of actual innocence and no evidence. Specifically, regarding Applicant's no-evidence claim, the court concluded that, as a matter

---

[10] To date, it does not appear that Applicant has filed any application challenging his subsequent 2017 failure-to-register conviction.

[11] Applicant additionally included a "sixth ground" alleging collateral consequences. Because that ground does not constitute an independent basis for relief, we do not address it.

of law, "[a] felony conviction set aside under Article 42.12 cannot serve as a predicate or underlying conviction" for a failure-to-register offense. *See* Habeas Court's Conclusions of Law, at 8 (citing *Cuellar*, 70 S.W.3d at 816–17). The habeas court thus determined that Applicant's aggravated rape conviction "was not a reportable conviction triggering the requirement to register as a sex offender." *Id.* Regarding his actual-innocence claim, the habeas court similarly reasoned that because Applicant "did not have a reportable conviction for Aggravated Rape, he did not have a duty to register as a sex offender when he was convicted of [that offense] and he should be entitled to relief by having his conviction vacated." *Id.* at 9–10 (citing *Ex parte Harbin*, 297 S.W.3d 283, 287 (Tex. Crim. App. 2009)).

Because the habeas court did not initially address the ineffective-assistance-of-counsel and involuntary-plea allegations, this Court remanded the case with instructions for the habeas court to address those claims. The habeas court then ordered Applicant's trial counsel, Salinas, to respond to the allegations. Complying with the court's order, Salinas filed two affidavits[12] in which he refuted Applicant's allegations of ineffectiveness.

In response to the allegation that he was deficient for failing to discover that Applicant's "set aside" conviction was not in fact a reportable conviction under the applicable statutes in Code of Criminal Procedure Chapter 62, Salinas disagreed and contended that he adequately investigated the registration charge and underlying offense. He explained that he would have reviewed the registration charge offense report,

---

[12] Salinas responded in both an original affidavit and a supplemental affidavit after reviewing the State's file.

Applicant's criminal history, and the allegations in the complaint to verify the accuracy of the information.[13] According to Salinas, his customary practice was to thoroughly review the complaint with a defendant. Thus, he would have discussed both the failure-to-register charge as well as the underlying aggravated rape conviction with Applicant. Although Applicant claims that he told Salinas he believed he did not have a duty to register based on advice received from another attorney, Salinas had no recollection of that conversation and stated that if Applicant had expressed that belief, he would have explored the theory.

Salinas further explained that it was his customary practice to review everything in the State's file with a defendant. The State's file includes a document titled "Order Dismissing Cause / Order Terminating Probation" with a certification stamp dated October 5, 2007. The order shows that Applicant's aggravated rape conviction was "set aside according to law" upon successful completion of probation, as follows:



Salinas states that, assuming the order was in the State's file before Applicant's plea (which appears to be the case based on the certification date), he would have been aware of it and would have discussed it with Applicant. But, Salinas alleges that he would not have

---

[13] Because Salinas no longer has his case file from sixteen years ago, he does not have the benefit of knowing precisely what he did or did not do to investigate and was only able to speak of his representation in general terms based on his customary practices.

believed the order negated Applicant's duty to register as a sex offender. He notes that, based on the charges, the State seemingly also believed that the order did not relieve Applicant of his duty to register. Thus, Salinas believes that everyone involved in the case at the time of Applicant's guilty plea in 2007 had interpreted the law in the same way—to mean that Applicant was indeed required to register.

Finally, Salinas points out that the decision from the court of appeals in *Hall* did not issue until 2013—six years after Applicant pleaded guilty to the instant failure-to-register offense. In Salinas's view, "a subsequent court of appeals decision and change in administrative policy interpretation does not render [his] representation ineffective." Simply put, Salinas contends that no one could have anticipated that another defendant, years later, would successfully challenge the duty to register as a sex offender under these circumstances.

Following Salinas' response, the habeas court made additional findings of fact and conclusions of law in which it determined that Applicant's guilty plea was "involuntary because of trial counsel's failure to investigate and discover that [Applicant] did not have a reportable conviction" and that, had Salinas properly investigated the underlying conviction, "he would have successfully been able to challenge the failure to register charge." Concerning prejudice, the court found many of Applicant's allegations credible, including that: (1) he told Salinas he felt he did not have a duty to register; (2) Salinas told him the ten-year offer was a "today only" offer; (3) Salinas encouraged him to accept the plea offer; and (4) Applicant "would not have pled guilty had he known he did not have a reportable conviction." The State agrees with the trial court's recommendation to grant

relief either under a no-evidence / actual-innocence theory or an ineffective-assistance / involuntary-plea theory.

### III.    Standard of Review

On post-conviction review of habeas corpus applications, the convicting court is the "original factfinder," and this Court is the "ultimate factfinder." *Ex parte Thuesen*, 546 S.W.3d 145, 157 (Tex. Crim. App. 2017) (citing *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008)). We typically defer to the convicting court's findings of fact that are reasonably supported by the record, and we afford that same deference to a habeas judge's ruling on "mixed questions of law and fact" that turn on credibility and demeanor. *Ex parte Weinstein*, 421 S.W.3d 656, 664 (Tex. Crim. App. 2014). But "[w]hen our independent review of the record reveals that the trial judge's findings and conclusions are not supported by the record, we may exercise our authority to make contrary or alternative findings and conclusions." *Id.* (quoting *Reed*, 271 S.W.3d at 727). We apply *de novo* review to rulings on pure questions of law and mixed questions of law and fact that do not depend upon credibility and demeanor. *Ex parte De La Cruz*, 466 S.W.3d 855, 866 (Tex. Crim. App. 2015).

### IV.    Counsel's performance was not deficient because the law governing Applicant's duty to register was unsettled at the time of his guilty plea.

We begin our analysis by addressing Applicant's ineffective-assistance claim because it is the more straightforward of Applicant's allegations for us to resolve. Applicant contends that Salinas was ineffective for failing to discover that Applicant's aggravated-rape conviction that had been judicially set aside under former Article 42.12, Section 7, was not a "reportable conviction" under Code of Criminal Procedure Chapter

62, such that Applicant in fact had no duty to register and thus could not be guilty of failing to register as alleged. Applicant further contends that, but for counsel's ineffectiveness, he would not have pleaded guilty to the failure-to-register charge. We disagree that Applicant is entitled to relief on this basis. Viewing the circumstances from counsel's perspective at the time of the representation, the law was unsettled with respect to whether Applicant had a duty to register following the trial court's order setting aside the conviction under the judicial-clemency provision. Because Salinas cannot be deficient for failing to "discover" something that was unsettled or unclear under the law, Applicant cannot establish the deficient-performance prong of his ineffective-assistance claim. Accordingly, his ineffective-assistance / involuntary-plea claims fail.

### A. Applicable Law for Ineffective-Assistance Claims

To prevail on a claim of ineffective assistance of counsel, an applicant must show that his counsel's performance was constitutionally deficient and that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to succeed on either prong is fatal to the ineffectiveness claim. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). We focus solely on the deficient-performance prong in this case.

An attorney is deficient if his performance falls below an objective standard of reasonableness under the prevailing professional norms, considering the facts of the case viewed from counsel's perspective at the time of the representation. *Strickland*, 466 U.S. at 687–88, 690. In undertaking this analysis, we must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689.

"It is fundamental that an attorney must have a firm command of the facts of the case as well as the law before he can render reasonably effective assistance of counsel." *Ex parte Lilly*, 656 S.W.2d 490, 493 (Tex. Crim. App. 1983). Thus, counsel is charged with making an independent legal and factual investigation of the case. *Strickland*, 466 U.S. at 691; *Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992). Under *Strickland*, we consider whether counsel conducted reasonable investigations or made a reasonable decision not to investigate. 466 U.S. at 691.

Further, "a lawyer must be sufficiently abreast of developments in criminal law aspects implicated in the case at hand." *Ex parte Williams*, 753 S.W.2d 695, 698 (Tex. Crim. App. 1988). As a consequence, "[i]gnorance of well-defined general laws, statutes and legal propositions is not excusable and such ignorance may lead to a finding of constitutionally deficient assistance of counsel[.]" *Ex parte Chandler*, 182 S.W.3d 350, 358 (Tex. Crim. App. 2005). But, in recognition of the fact that "a bar card does not come with a crystal ball," for counsel's conduct to be deficient, "the specific legal proposition" the client faults counsel for failing to assert must be "'well considered and clearly defined.'" *Id.* at 358–59 (quoting 3 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 18.4 at 8 (5th ed. 2000)). Thus, we measure counsel's performance against "'the state of the law in effect during the time of trial[,] and we will not find counsel ineffective where the claimed error is based upon unsettled law.'" *Id.* at 359 (quoting *Ex parte Welch*, 981 S.W.2d 183, 184 (Tex. Crim. App. 1998)).

> **B.** **Counsel was not deficient for failing to discover that Applicant had no duty to register when that matter was unsettled under the law.**

In its findings of fact and conclusions of law, the habeas court determined that, even accepting that Salinas was aware of the judicial-clemency order at the time of Applicant's guilty plea, Salinas nevertheless "failed to examine [the order] under the law[.]" In other words, in the habeas court's view, Salinas conducted an adequate factual investigation, but failed to sufficiently investigate the legal consequences of those facts. But, as we have indicated above, counsel can only be ineffective for failing to ascertain a legal proposition that was well-settled under prevailing legal principles at the time of the representation. Thus, the habeas court's conclusion necessarily raises the question: given the law in effect at the time, what would further investigation have revealed?

**1. Provisions Governing Sex Offender Registration in Code of Criminal Procedure Chapter 62**

As indicated above, Applicant's aggravated rape conviction was set aside pursuant to former Code of Criminal Procedure Article 42.12, Section 7, which allowed the trial court upon Applicant's successful completion of probation to "set aside the verdict" and "dismiss" the indictment, thereby releasing Applicant from all "penalties and disabilities" resulting from the offense. *See* Act of 1965, 59th Leg., p. 317, ch. 722, § 1 (formerly codified as TEX. CODE CRIM. PROC. ANN. ART. 42.12, § 7, current version at ART. 42A.701(f)). But Salinas's investigation of the applicable law would not have been complete without considering this provision in conjunction with the applicable provisions in Chapter 62 of the Code of Criminal Procedure, which specifically define the circumstances in which a person is obligated to register as a sex offender. Had Salinas consulted the applicable provisions in Chapter 62, he would have observed that any person who "has a reportable conviction or adjudication" must register as a sex offender. TEX.

CODE CRIM. PROC. ANN. ART. 62.051(a). The corresponding definition for what constitutes a "reportable conviction or adjudication" covers any "conviction or adjudication, including an adjudication of delinquent conduct or a deferred adjudication, that, regardless of the pendency of an appeal, is a conviction for or an adjudication for or based on" one of the enumerated sexual offenses, including aggravated sexual assault. *Id.* ART. 62.001(5).

Notably, while the definition for "reportable conviction or adjudication" in Article 62.001(5) requires anyone who "has" one of the enumerated types of convictions or adjudications to register, it does not address under what circumstances a person ceases to "have" such a conviction or adjudication based on subsequent legal events. But another provision in Chapter 62 does expressly address that matter. Article 62.002, entitled "Applicability of Chapter," provides in relevant part:

> (b) Except as provided by Subsection (c), the duties imposed on a person required to register under this chapter on the basis of a reportable conviction or adjudication, and the corresponding duties and powers of other entities in relation to the person required to register on the basis of that conviction or adjudication, *are not affected by*:
>   (1) an appeal of the conviction or adjudication; or
>   (2) *a pardon of the conviction or adjudication*.

> (c) If a conviction or adjudication that is the basis of a duty to register under this chapter *is set aside on appeal by a court* or if the person required to register under this chapter on the basis of a conviction or adjudication *receives a pardon on the basis of subsequent proof of innocence*, the duties imposed on the person by this chapter and the corresponding duties and powers of other entities in relation to the person are terminated.

TEX. CODE CRIM. PROC. ART. 62.002 (emphasis added). The apparent purpose of this provision is to set forth the narrow circumstances under which a person with a "reportable conviction or adjudication" may be relieved of his obligation to register based on events occurring after the conviction or adjudication, and to clarify that certain subsequent events

do not absolve a person of the duty to register. According to the statutory terms, a person with a "reportable conviction or adjudication" is no longer obligated to register if: (1) the conviction or adjudication is "set aside on appeal by a court," or (2) the person "receives a pardon on the basis of subsequent proof of innocence." *Id.* ART. 62.002(c). However, a person's duty to register is *not* affected by a pending appeal or a non-innocence-based pardon. *Id.* ART. 62.002(b). While the statutory terms do not expressly address a *trial judge's* order setting aside a conviction after successful completion of probation, that type of relief plainly does not constitute a reversal of the conviction "on appeal by a court," nor is it a pardon based on proof of innocence. Thus, had Salinas reviewed Article 62.002, it would have been reasonable for him to conclude that a person's duty to register based on a "reportable conviction" is not terminated as a result of a trial judge's discretionary order setting aside the conviction under Article 42.12, Section 7, when that type of relief is not plainly included in the events terminating the duty to register under Article 62.002. At the very least, the statutes are unclear with respect to whether Applicant had a duty to register under these circumstances. Therefore, in view of the statutory provisions in Chapter 62 alone, Salinas was not deficient for failing to "discover" that Applicant had no duty to register when that matter was not well-settled by the applicable statutory law.

### 2. No caselaw clearly indicated that Applicant was not required to register following the judicial-clemency order.

Of course, if the governing caselaw in existence at the time of Applicant's guilty plea had clearly resolved this issue in Applicant's favor, then counsel could be faulted for being unaware of such caselaw. However, we disagree with the habeas court's suggestion that any such caselaw existed. As noted above, Applicant cites the Sixth Court of Appeals'

decision in *Hall*, 440 S.W.3d 690, in support of his position that he had no duty to register following the trial court's judicial-clemency order under Article 42.12, Section 7. But *Hall* was issued six years after Applicant's 2007 guilty plea, and, in any event, it is an intermediate appellate court decision that has never been endorsed by this Court. Nevertheless, the habeas court determined that because *Hall* relies on this Court's reasoning from its 2002 decision in *Cuellar*, *Cuellar* should have led Salinas to conclude that Applicant's aggravated rape conviction that had been judicially set aside was not a reportable conviction under Chapter 62. *See Cuellar,* 70 S.W.3d 815. We disagree with the habeas court's analysis of *Cuellar* as it pertains to these circumstances.

In *Cuellar*, this Court considered whether a felony conviction that had been set aside under former Code of Criminal Procedure Article 42.12, Section 20—which is nearly identical to the previous version of the statute under which Applicant's conviction was set aside—could serve as a predicate conviction for a felon-in-possession-of-a-firearm charge under Penal Code Section 46.04(a).[14] *Id.* at 816. We held that it could not. *Id.* at 820. In doing so, we reasoned that "a person whose conviction is set aside pursuant to an Article 42.12, § 20, order *is not a convicted felon*," and thus, the appellant there could not have been a felon in unlawful possession of a firearm under the applicable terms in Penal Code Section 46.04(a). *Id.* ("If a judge chooses to exercise this judicial clemency provision, the conviction is wiped away, the indictment dismissed, and the person is free to walk away

---

[14] *See* TEX. PENAL CODE § 46.04 ("(a) A person who *has been convicted of a felony* commits an offense if he possesses a firearm: (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or (2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.") (emphasis added).

from the courtroom 'released from all penalties and disabilities' resulting from the conviction.") (quoting former Code of Criminal Procedure Article 42.12, § 20).

Even if Salinas had been aware of *Cuellar*, that decision would not have clearly indicated one way or another whether Applicant's set-aside aggravated rape conviction was a "reportable conviction" for purposes of his duty to register under Chapter 62. *Cuellar* did not purport to address sex-offender-registration requirements and instead focused solely on the language in the judicial-clemency provision in Article 42.12, Section 7 (i.e., authorizing the trial court to "set aside" the conviction and release a person from all "penalties and disabilities" resulting from the offense). But as we have already indicated above, to resolve the issue here, Salinas would have had to examine both the legal effect of a judicial-clemency order under Article 42.12, Section 7, *and* the specifically applicable provisions in Chapter 62 defining the duty to register. As we have already demonstrated, the statutory provisions in Chapter 62 are, at best, ambiguous as to whether a person whose conviction has been "set aside' through judicial clemency is nevertheless required to register, and *Cuellar* does nothing to resolve that ambiguity. Because *Cuellar* addressed only the general effect of a set-aside order under Article 42.12, Section 7, but did not consider the specifically applicable provisions in Chapter 62 governing a person's duty to register as a sex offender, *Cuellar* does not clearly settle the issue here. Thus, contrary to the habeas court's assessment, counsel should not be faulted for failing to extend the reasoning of *Cuellar* to these distinguishable circumstances.

In sum, we disagree with the habeas court's deficiency finding because it is not supported by the record or the state of the law at the time of Salinas's representation.

Neither the statutes nor caselaw in effect in 2007 clearly stood for the proposition that a grant of "judicial clemency" under former Article 42.12, Section 7, superseded Applicant's legal duty to register as a sex offender under the applicable provisions in Code of Criminal Procedure Chapter 62. Thus, even if Salinas had conducted additional investigation, the answer to the question of whether Applicant had a duty to register under these circumstances would have remained, at most, unclear. As we have repeatedly indicated, we will not hold that counsel was deficient based on unsettled law. *See, e.g.*, *Chandler*, 182 S.W.3d at 359. Because Applicant has failed to establish deficient performance, we need not examine whether Applicant suffered prejudice. *See Perez*, 310 S.W.3d at 893 (noting that failure to succeed on either prong is fatal to ineffectiveness claim). Therefore, Applicant's ineffective-assistance / involuntary-plea claims lack merit.

V.     **Applicant had a duty to register as a sex offender, regardless of the grant of judicial clemency.**

In his remaining claims, Applicant contends that because he had no duty to register as a sex offender, he cannot be guilty of the charged offense and thus is entitled to relief either on the basis of actual innocence or a "no evidence" / due process violation. Applicant's position is premised on the assumption that this Court will agree with the court of appeals' analysis in *Hall,* 440 S.W.3d 690, and hold that a trial court's order setting aside a conviction for a sexual offense under former Article 42.12, Section 7, erases the conviction for purposes of sex offender registration under Chapter 62. However, as a matter of first impression, we disagree with the court of appeals' analysis and conclusion in *Hall*. Notwithstanding the broad language in *Cuellar*, 70 S.W.3d 815, indicating that a trial judge has discretion under former Article 42.12, Section 7, to "wipe away" a conviction, the

specifically applicable statutory provisions in Chapter 62 compel the conclusion that the Legislature intended to require Applicant to register as a sex offender even after the trial court granted him judicial clemency. Therefore, we resolve all of Applicant's remaining claims by rejecting his interpretation of the applicable statutes and holding that he did indeed have a duty to register following the trial court's grant of judicial clemency.

### A. Provisions in Chapter 62 reflect the Legislature's intent to require registration for all individuals who have *ever* received a "reportable conviction or adjudication," unless one of the statutorily enumerated exceptions applies.

As discussed above, Chapter 62 broadly defines a reportable conviction as "a conviction or adjudication, including an adjudication of delinquent conduct or a deferred adjudication, that, regardless of the pendency of an appeal, is a conviction for or an adjudication for or based on" a number of sex offenses, including aggravated sexual assault. TEX. CODE CRIM. PROC. ANN. ART. 62.001(5). Any person who "has" such a conviction is obligated to register. *Id.* ART. 62.051(a).

At first blush, one might logically assume that a person no longer "has" a conviction if the trial court has granted him judicial clemency under Article 42.12, Section 7, given that such a conviction has been "set aside," the indictment dismissed, and the defendant "released" from all penalties and disabilities. *See* Act of 1965, 59th Leg., p. 317, ch. 722, § 1 (formerly codified as TEX. CODE CRIM. PROC. ANN. ART. 42.12, § 7). But the remaining provisions in Chapter 62 refute this interpretation. As we have already indicated in our analysis of Applicant's ineffectiveness claim above, Article 62.002 spells out the narrow circumstances in which a person previously convicted of a reportable offense may

be relieved of his obligation to register based on events occurring after the conviction.[15]

Subsection (c) provides that a person's duty to register is terminated: (1) if a conviction or adjudication is "set aside *on appeal* by a court," or (2) if the person "receives a pardon *on the basis of subsequent proof of innocence*." TEX. CODE CRIM. PROC. ANN. ART. 62.002(c) (emphasis added). A trial court's discretionary order setting aside a conviction under Article 42.12, Section 7, does not plainly fall within these circumstances. Arguably, the express mention of these circumstances suggests that any other non-enumerated circumstances do not result in termination of the duty to register under Chapter 62. *See State v. Schunior*, 506 S.W.3d 29, 38 (Tex. Crim. App. 2016) ("As a rule of statutory interpretation, the express mention or enumeration of one person, thing, consequence, or class, is tantamount to an exclusion of all others.") (citation and quotations omitted).

Further, Subsection (b) of Article 62.002 identifies two other situations that "do not affect" a person's duty to register: (1) the conviction is being appealed, and (2) the person receives a "pardon" that is *not* based on a finding of innocence. TEX. CODE CRIM. PROC. ANN. ART. 62.002(b). While a judicial-clemency order does not plainly fall within either

---

[15] The statute provides,

> (b) Except as provided by Subsection (c), the duties imposed on a person required to register under this chapter on the basis of a reportable conviction or adjudication, and the corresponding duties and powers of other entities in relation to the person required to register on the basis of that conviction or adjudication, are not affected by:
> > (1) an appeal of the conviction or adjudication; or
> > (2) a pardon of the conviction or adjudication.
>
> (c) If a conviction or adjudication that is the basis of a duty to register under this chapter is set aside on appeal by a court or if the person required to register under this chapter on the basis of a conviction or adjudication receives a pardon on the basis of subsequent proof of innocence, the duties imposed on the person by this chapter and the corresponding duties and powers of other entities in relation to the person are terminated.

TEX. CODE CRIM. PROC. ANN. ART. 62.002.

of these situations, we observe that it is analogous to a pardon because it is "within the trial court's sole discretion" to grant judicial clemency, and it is not based on any finding of reversible legal error but is instead based on the trial court's determination "that a person on community supervision is completely rehabilitated[.]" *Cuellar*, 70 S.W.3d at 819. By providing that a person who "has" an otherwise-reportable conviction must still register even after a pardon, the Legislature has signaled its intent that these types of discretionary determinations should not absolve a person of his registration obligations under Chapter 62. Because we are obligated, when interpreting statutes, to seek to effectuate legislative intent and harmonize various provisions so that they will all be effective, we will not adopt an interpretation that undermines these purposes. *See Watkins v. State*, 619 S.W.3d 265, 272 (Tex. Crim. App. 2021) ("Our duty is to try to interpret the work of our Legislature as best we can to fully effectuate the goals they set out. . . . We do not focus solely upon a discrete provision; we look at other statutory provisions as well to harmonize provisions and avoid conflicts.").

Finally, we also observe that Chapter 62 sets forth specific procedures governing early termination of the duty to register that would be undermined if a single trial judge were permitted to unilaterally relieve a person of his sex-offender obligations by setting aside an otherwise-valid conviction. *See generally* TEX. CODE CRIM. PROC. chap. 62(I) ("Early Termination of Certain Persons' Obligation to Register"). After being subject to registration for a minimum period of time, a person seeking early termination must undergo an "individual risk assessment" based on criteria established by the Council on Sex Offender Treatment. TEX. CODE CRIM. PROC. ANN. ART. 62.403(b). The individual risk

assessment must consider matters such as a person's criminal history, the likelihood of recidivism, and the overall risk posed to the public. *Id.* Only after such an assessment has been conducted may a person file a motion for early termination of registration requirements with the convicting court, after which the court must determine whether early termination is warranted. *Id.* ART. 62.404. If a single trial judge were permitted to make a discretionary determination that a person was rehabilitated and was entitled to have his conviction for a sexual offense set aside, such a result would undermine the provisions in Subchapter I that set forth specific procedures for terminating an offender's duty to register.

### B. Extratextual considerations support requiring a person with a "reportable conviction" to register, notwithstanding a trial judge's grant of judicial clemency.

To the extent the foregoing statutes are ambiguous on this matter, we may consult extratextual sources to aid in our construction of the statutes. *See* TEX. GOV'T CODE § 311.023 (providing that such considerations include the "object sought to be attained," legislative history, and consequences of a particular construction).

In *Rodriguez v. State*, 93 S.W.3d 60, 79 (Tex. Crim. App. 2002), we addressed the legislative purposes underlying the sex-offender-registration program in the course of considering an *ex post facto* challenge. We observed that the program was enacted by the Legislature to promote public safety, and we ultimately held that the program was "civil and remedial" in furtherance of this purpose, rather than punitive. *Id.* at 68; *see also id.* at 72 (observing that the Legislature "intended to create a remedial, regulatory scheme to monitor the whereabouts of sex offenders, and to warn community members of their presence," and concluding that such scheme was "nonpunitive in effect"). But this broad

purpose would be frustrated by allowing a single trial judge to unilaterally determine that a person is rehabilitated and thus is not required to register. Indeed, as we have noted above, Chapter 62 contains specific provisions addressing termination of the duty to register for a person who otherwise "has" a prior reportable conviction, and those provisions require an examination of the person's characteristics based on criteria set forth by the Council on Sex Offender Treatment to evaluate whether he continues to pose a safety risk. The public-safety purposes underlying Chapter 62 would be undermined if a single trial judge were permitted, in his discretion, to absolve a person from his registration duties without engaging in the thorough processes for such a determination as contemplated by Chapter 62.

It is also worth emphasizing that the Legislature has amended the judicial-clemency provision to now provide that sexual assault convictions are explicitly exempted from eligibility for judicial clemency. *See* TEX. CODE CRIM. PROC. ANN. ART. 42A.701(g)(2) (providing that eligibility for early termination of community supervision and judicial clemency "does not apply to a defendant convicted of . . . an offense the conviction of which requires registration as a sex offender under Chapter 62"). This provision was included as a limitation on grants of judicial clemency in 1999.[16] Thus, at least as of 1999, the Legislature made plain what is arguably ambiguous under the statutes before this point in time—the Legislature did not intend for those who have reportable convictions for sexual offenses to be released from the duty to register through a judicial-clemency order.

---

[16] Act of 1999, 76th Leg., ch. 1415 § 5.

Finally, we consider the consequences of a construction that would result in a person no longer having a duty to register following a trial court's grant of judicial clemency under former Article 42.12, Section 7. Such a holding would lead to the anomalous result that a person who receives an *executive* pardon for the very same discretionary reasons (i.e., that the person is believed to be rehabilitated or otherwise deserving of clemency) still has to register, *see* TEX. CODE CRIM. PROC. ANN. ART. 62.002(b), but a person who receives *judicial* clemency does not have to register. We cannot perceive of any logical reason why the Legislature would desire such an unequal result. Further, pursuant to Chapter 62, even individuals who successfully complete deferred adjudication community supervision must still register as sex offenders for any reportable offense. *See* TEX. CODE CRIM. PROC. ANN. ART. 62.001(5) (reportable conviction or adjudication includes "a deferred adjudication"); *McCraw v. C.I.*, 525 S.W.3d 701, 705 (Tex. App.—Beaumont 2017) (observing that the current law is "clear" that "successful completion of deferred adjudication for particular offenses does not relieve an offender of a duty to register under the" sex offender registration program). Such individuals have never even technically been "convicted" of any offense and, upon their successful completion of community supervision, receive a dismissal of the proceedings and are not considered to have been convicted "for the purposes of disqualifications or disabilities imposed by law for conviction of an offense." TEX. CODE CRIM. PROC. ANN. ART. 42A.111(c). This language is highly similar to the "release" from all "penalties and disabilities" language contained in the judicial clemency provision at issue here. Again, it would be an anomalous result to require individuals who have successfully completed deferred adjudication to register in the absence of any

technical conviction, and yet hold that those who previously had convictions but subsequently received judicial clemency are not required to register.[17]

Ultimately, we conclude that the relevant considerations do not support Applicant's position that he was relieved of his duty to register as a result of the trial court's order unilaterally setting aside his aggravated rape conviction pursuant to the judicial-clemency provision found in former Article 42.12, Section 7. Based on a holistic reading of the provisions in Chapter 62, including the language in Article 62.002 specifying the events that result in termination of the duty to register, as well as the relevant extratextual considerations, we conclude that a person whose conviction has been "set aside" pursuant to a judicial-clemency order nevertheless still "has" a "reportable conviction or adjudication" for purposes of Chapter 62. Accordingly, because Applicant's actual-innocence and no-evidence claims lack any meritorious underlying legal basis, we deny relief on those claims.

## VI. Conclusion

For the reasons explained above, we hold that Applicant's trial counsel was not deficient during the guilty-plea proceedings based on the unsettled law at the time. We further hold, in light of the applicable statutes in Chapter 62 of the Code of Criminal Procedure, that Applicant had a duty to register as a sex offender despite the trial court's

---

[17] Similarly, juvenile adjudications of delinquent conduct are also considered to be "reportable convictions or adjudications," despite not being "convictions." *See Ex parte Valle*, 104 S.W.3d 888, 889 (Tex. Crim. App. 2003); TEX. CODE CRIM. PROC. ANN. ART. 62.001(5) (reportable conviction or adjudication includes an adjudication of delinquent conduct); *see also* 37 Tex. Admin. Code § 380.8785 (2014) (Tex. Juv. Just. Dep't, Sex Offender Registration) (detailing sex-offender registration procedure for adjudications of delinquent conduct). Again, a construction leading to the result that adult offenders who have had their convictions discretionarily "set aside" do not have a duty to register, while juvenile offenders who have never received a final conviction do have a duty to register, would lead to an anomalous result that the Legislature did not likely intend.

grant of "judicial clemency" under former Article 42.12, Section 7. Accordingly, we reject the habeas court's recommendation and deny relief on all claims.

Delivered: June 28, 2023

PUBLISH